**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARTIN D. MORRIS,** | ) | **CASE NO. 5:07CV1870** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MICHELLE EBERLIN,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Report and Recommendation of the

Magistrate Judge, recommending the Petition of Martin D. Morris, Jr. for Writ of Habeas Corpus

be denied.  For the reasons that follow, the Court ADOPTS the Magistrate Judge's Report and

Recommendation and DENIES the Petition for Writ of Habeas Corpus.

## I. FACTUAL BACKGROUND

Martin D. Morris, Jr. ("Petitioner") was indicted on one count of Domestic Violence after

a physical altercation with his father, Martin Morris, Sr. ("Morris"), on March 7, 2004.

Petitioner was convicted after a jury trial, and on June 23, 2004, he was sentenced to a five-year

term of imprisonment.  The trial court imposed the maximum sentence of five years, noting

Petitioner's extremely long history of violent offenses and lack of amenability to community

control sanctions.  The trial court further noted that although it did not believe the instant assault

on Morris was the worst form of the offense, the trial court found Petitioner posed the greatest

likelihood of recidivism.

Through trial counsel, Petitioner filed an appeal to the Fifth District Court of Appeals,

claiming several errors by the trial court.  The errors alleged by Petitioner included denying

Petitioner's Motion to Disqualify the Prosecutor, sentencing Petitioner to a maximum sentence

when the trial court found Petitioner had not committed the worst form of the offense, and

allowing in hearsay testimony over objections by Petitioner's counsel.  On September 19, 2005,

the Court of Appeals affirmed the judgment of the trial court.

Represented by the Ohio Public Defender's Office, Petitioner then appealed to the Ohio

Supreme Court, claiming the trial court erred in imposing the maximum sentence when the court

explicitly found Petitioner did not commit the worst form of the offense and the court did not

articulate reasons for finding Petitioner posed the greatest likelihood of committing future

crimes.  On February 8, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the

case, finding it did not involve any substantial constitutional question.

Meanwhile, on December 20, 2005, Petitioner, still represented by the Ohio Public

Defender's Office, filed an Application for Reopening pursuant to App. R. 26(B), claiming

ineffective assistance of trial counsel for failure to competently cross-examine the alleged

victim, failure to object to a critical jury instruction, and error by the trial court in giving

incorrect jury instructions on the law of self-defense.  On March 9, 2006, the Appellate Court

denied Petitioner's Application for Reopening, finding trial counsel was not ineffective, the trial

court's jury instruction was appropriate, and evidence of Petitioner's guilt was overwhelming.

On April 24, 2006, Petitioner, through the Ohio Public Defender's Office, filed an appeal

to the Ohio Supreme Court, alleging ineffective assistance of trial and appellate counsel.

Petitioner claimed appellate counsel's failure to raise meritorious issues during the course of his

appeal constituted ineffective assistance of counsel.  Petitioner further claimed trial counsel's

failure to object to erroneous jury instructions and inability to properly present evidence to

impeach the prosecution's witnesses also rendered counsel's assistance insufficient.  On July 5,

2006, the Ohio Supreme Court dismissed the appeal, again finding a lack of any substantial

constitutional question.

On June 22, 2007, Petitioner, *pro se*, filed a Petition for Writ of Habeas Corpus, in which

he challenged the constitutionality of his conviction pursuant to 28 U.S.C. § 2254.  Petitioner

argued three different bases for relief.  In Ground One of his petition, Petitioner argued he was

denied the effective assistance of counsel when trial counsel failed to object to faulty jury

instructions and appellate counsel failed to properly raise the issue on appeal.  Petitioner also

alleged in Ground One that his Sixth and Fourteenth Amendment rights were violated as a result

of the erroneous jury instruction addressing the burden of proof for a claim of self-defense.

Ground Two alleged Petitioner's Sixth and Fifth Amendment rights were violated when the trial

court excluded critical testimony.  In Ground Three, Petitioner claimed he suffered violations of

his Sixth, Fifth, and Fourteenth Amendment rights when trial counsel refused to allow him to

testify during his trial.

The matter was referred to the Magistrate Judge who entered his Report and

Recommendation on June 20, 2008, recommending Petitioner's Petition for Writ of Habeas

Corpus be denied.  Because Petitioner's claims regarding erroneous jury instruction, exclusion of

critical testimony, and denial of the right to testify at trial were not presented on appeal in state

court, which Petitioner conceded, the Magistrate Judge found the claims were procedurally

defaulted.  Furthermore, the Magistrate Judge found no showing of any exception which would

excuse the procedural default.  The Magistrate Judge explained since the issue of ineffective

assistance of counsel was not raised in state court as an independent claim, it could not serve as

"cause" to excuse Petitioner's failure to address the other issues at state court.  Additionally, the

Magistrate Judge found because Petitioner failed to provide any evidence of innocence beyond

that which was presented at trial, manifest injustice was not shown to excuse the procedural

default.

Finding the ineffective assistance of counsel argument not procedurally defaulted as a

result of the 26(B) Application, the Magistrate Judge went on to address the merits of the claim

and apply the appropriate analysis for habeas corpus petitions.  The Magistrate Judge held the

Appellate Court's finding that trial counsel was not ineffective for failing to object to the

allegedly erroneous jury instruction was neither contrary to, nor an unreasonable application of,

federal law, nor did it constitute an unreasonable determination of the facts in light of the

evidence presented.  As a result, the Magistrate Judge found Petitioner's ineffective assistance of

counsel claim was without merit and habeas relief was not warranted.

Petitioner objected to the Magistrate Judge's Report and Recommendation, arguing that

contrary to the Magistrate Judge's findings, Petitioner has established he was subject to

ineffective assistance of counsel.  Petitioner argues the jury instruction regarding self defense

was erroneous and counsel's ineffectiveness for failure to object to the erroneous jury instruction

so infected the trial and prejudiced Petitioner as to deny him a fair trial.  Relying on his argument

of ineffective assistance of counsel, Petitioner also argues he has shown both cause for the

procedural default and prejudice, which excuses the procedural default.  Petitioner further argues

he has suffered a fundamental miscarriage of justice, specifically in that he is innocent, thus

excusing the procedural default and justifying habeas relief.

## II. LAW AND ANALYSIS

**A.      Standard of Review**

Under 28 U.S.C. § 636(b)(1), a District Judge makes a *de novo* review of the Magistrate's

Report and Recommendation when an objection is made.  A District Judge may "accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

*Id*.  Petitioner timely filed his Objection to the Magistrate's Report and Recommendation.  Thus,

his objections will be reviewed *de novo*.

**B.      Exhaustion and Procedural Default**

State prisoners are required to exhaust their state remedies prior to seeking habeas corpus

relief in federal court.  28 U.S.C. § 2254(b),(c).  If a habeas petitioner fails to "obtain

consideration of a claim by a state court, either due to the petitioner's failure to raise that claim

before the state courts while state-court remedies are still available or due to a state procedural

rule that prevents the state courts from reaching the merits of the petitioner's claim," the claim is

considered procedurally defaulted.  *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

Federal courts will not consider the merits of procedurally defaulted claims.  *Id.*

**C.      Exceptions to Procedural Default Rule**

A petitioner's procedural default may be excused, however, upon a showing of "cause"

for the procedural default and "actual prejudice" as a result.  *Id.*  In order to demonstrate cause,

the petitioner must show "some objective factor external to the defense impeded counsel's

efforts to comply with the State's procedural rule."  *Id.* at 763-64.  Demonstrating actual

prejudice requires "showing that the trial was infected with constitutional error."  *Franklin v.*

*Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).  Prejudice does not occur unless petitioner

demonstrates "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).  Where there is strong evidence of petitioner's guilt and a lack of evidence to support petitioner's claim, actual prejudice has not been shown.  *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Furthermore, "habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome the procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced."  *Lundgren, supra*, at 764.

Procedural default may also be excused upon a showing that failure to consider the petitioner's claims will result in a "fundamental miscarriage of justice."  *Lundgren, supra,* at 763.  Conviction of one who is "actually innocent" results in a fundamental miscarriage of justice.  *Id.* at 764.  However, the petitioner must be able to support his or her claim of actual innocence by pointing to new evidence.  *Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio, 2007).  If a petitioner fails to present new evidence to support his claim of innocence, and instead relies only on the evidence presented at trial, courts will find the miscarriage of justice exception is unavailable to the petitioner.  *Id.* at 807-08.

**D.      Petitioner's Procedurally Defaulted Claims**

The Magistrate Judge explained that Ohio law precludes a petitioner from raising claims in post-conviction proceedings where those claims could have been raised on direct appeal. Consequently, when an Ohio petitioner fails to raise a claim on direct appeal, the claim is procedurally defaulted and the petitioner will be prevented from raising the claim in federal court.  *See Lundgren, supra*, at 765 (finding Ohio's rule "denying review of the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal,

to constitute 'adequate and independent' state grounds for foreclosing review in subsequent federal habeas proceedings").  The Magistrate Judge found Petitioner's claims regarding exclusion of critical testimony, refusal by trial counsel to allow Petitioner to testify and the alleged erroneous jury instruction were not properly raised in state court and, as a result, were procedurally defaulted and could not be heard by a federal court upon review of a Petition for Writ of Habeas Corpus.  However, the Magistrate Judge found Petitioner's claim regarding ineffective assistance of counsel was not defaulted, and thus, properly before the court.

In his Objection to the Report and Recommendation, Petitioner argues he has shown cause and prejudice or manifest injustice to excuse the procedural default.  Petitioner does not suggest the claims were sufficiently raised in state court and therefore, not subject to default; as a result, it is not necessary for this Court to address the Magistrate Judge's findings of procedural default.  Instead, the Court must determine whether the procedural default can be excused.

**E.      Exceptions to Procedural Default Not Shown**

        **1.      Cause and Prejudice**

The Sixth Circuit recognizes that constitutionally defective representation by counsel can constitute cause in order to excuse procedural default.  *Lundgren, supra*, at 766.  However, the Magistrate Judge found, in order to serve as cause to excuse a procedural default, a claim of ineffective assistance of counsel must first be presented to the state courts as an independent claim.  The Magistrate Judge stated Petitioner had the opportunity to present his claim of ineffective assistance of counsel to the Ohio Supreme Court on both his direct appeal and Rule 26(B) Application, but failed to do so, and as a result, ineffective assistance of counsel could not establish cause to excuse Petitioner's procedural default.  Because cause was not shown, the

Magistrate Judge did not determine whether Petitioner demonstrated prejudice as well.

Objecting to the Magistrate Judge's Report and Recommendation, Petitioner argues counsel's ineffectiveness for failure to object to the allegedly erroneous jury instruction can serve as cause to excuse the procedural default.  Petitioner claims that contrary to the Magistrate Judge's findings, ineffective assistance of counsel claims "may be properly brought for the first time in Collateral Proceedings" and still demonstrate "cause" for a procedural default.  However, Petitioner is incorrect, as both the Northern District of Ohio and the United States Supreme Court require an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause to excuse procedural default.  *See Jones v. Bradshaw, supra*, at 805; *Murray v. Carrier*, 477 U.S. 478, 478-89 (1986).

The Magistrate Judge held because Petitioner did not raise ineffective assistance of counsel at the previous opportunities, the ineffective assistance of counsel argument was not presented to the state court as an independent claim and therefore, cannot serve as cause to excuse the procedural default.  However, the Magistrate Judge later determined the ineffective assistance of counsel argument set forth in the 26(B) Application for Reopening "was properly presented to the state courts for review," and therefore, should be analyzed under the proper writ analysis.  As a result of the inconsistent statements, the Court assumes the statement by the Magistrate Judge that the ineffective assistance of counsel claim was not properly raised in state court was a misstatement and the Court will treat it as such.

Despite the misstatement, the Magistrate Judge was still correct in concluding the procedural default cannot be excused.  While the ineffective assistance of counsel argument was properly presented by means of the 26(B) Application and therefore, may constitute cause,

Petitioner does not show actual prejudice resulting from the default.  Although Petitioner makes

the conclusory statement that counsel's failure to object to the jury instruction "prejudiced

Petitioner and denied him the effective assistance of counsel and his right to a fair trial,"

Petitioner fails to provide support for the statement or demonstrate actual prejudice.  Petitioner

does not show in his Objection how counsel's allegedly deficient performance prevented

Petitioner from raising the defaulted issues in state court, nor does he demonstrate the outcome

of the trial would have been different had he not been subject to the error.  Because Petitioner

has failed to demonstrate prejudice, the procedural default cannot be excused under the

exception of cause and prejudice.

### 2. Manifest Injustice

The Magistrate Judge explained, in order to demonstrate manifest injustice to excuse a

procedural default, a petitioner must support his allegations with new, reliable evidence that was

not presented at trial.  The Magistrate Judge found Petitioner's claim of actual innocence was

supported only by vague and conclusory statements rather than any new, reliable evidence;

Petitioner simply "rehash[ed] the same evidence that was brought at trial."  As a result, the

Magistrate Judge held Petitioner's procedural default was not excused.

In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner

reasserts the argument that he has been subjected to a "fundamental miscarriage of justice," in

that he is actually innocent.  Petitioner argues because he is innocent, he experienced

fundamental injustice when the trial court excluded witness testimony that the victim possessed a

knife during the confrontation and when Petitioner was not allowed to testify at trial.

In filing his Objection, Petitioner has not provided any evidence beyond that which was

presented at trial or in his Petition for Writ of Habeas Corpus to demonstrate he is actually

innocent and therefore, has suffered a fundamental miscarriage of justice.  As previously stated,

the Northern District of Ohio requires a showing of "new evidence," in addition to the evidence

presented at trial, to support a petitioner's claim of innocence for purposes of demonstrating

manifest injustice.  *Jones, supra*, at 807-08.  Although Petitioner claims because of his innocence

he suffered a fundamental injustice when the court excluded certain testimony and when he was

not permitted to testify on his own behalf at trial, Petitioner does not point to any additional

evidence supporting his claim of innocence.  As a result, Petitioner has not demonstrated

manifest injustice to excuse the procedural default.

**F.     Claim of Ineffective Assistance of Counsel Not Defaulted and Therefore Subject to Writ Analysis**

Unlike Petitioner's claims regarding the allegedly erroneous jury instruction, exclusion of

critical testimony and denial of Petitioner's right to testify at trial, the Magistrate Judge found

Petitioner's claim of ineffective assistance of counsel had not been procedurally defaulted and

therefore, was properly raised in federal court pursuant to Petitioner's request for habeas relief.

As a result, analyzing the merits of the claim is appropriate to determine whether a Writ of

Habeas Corpus is warranted.

When evaluating the merits of a request for habeas relief, an application for a Writ of

Habeas Corpus "shall not be granted with respect to any claim that was adjudicated on the merits

in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  A decision of the state court is considered "contrary

to" federal law if the state court "arrives at a conclusion opposite to that reached by this Court on

a question of law or if the state court decides a case differently than this Court has on a set of

materially indistinguishable facts."  *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).  A state

court decision will be considered an "unreasonable application" of clearly established federal

law

if the state court identifies the correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."  *Id.*

The United States Supreme Court has articulated a standard for determining whether

counsel is ineffective.  *Strickland v. Washington*, 477 U.S. 668, 687-88 (1984).  Pursuant to

*Strickland*, in order to establish ineffective assistance of counsel, Petitioner bears the burden of

showing his attorney's performance was deficient in that it "fell below an objective standard of

reasonableness" and Petitioner was prejudiced by the attorney's deficient performance.  *Id*.  To

demonstrate prejudice, Petitioner must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

*Lundgren, supra,* at 770.  More specifically, counsel's performance must have caused the

petitioner to "lose what he otherwise would probably have won."  *United States v. Morrow*, 977

F.2d 222, 229 (6th Cir. 1992).  However, a court considering a claim of ineffective assistance of

counsel will employ a "strong presumption that counsel's conduct falls within the wide range of

professional assistance," and therefore, is not ineffective.  *Miller, supra*, at 615.

**G.      Ineffective Assistance of Counsel Not Shown**

Petitioner argues the jury instruction given at trial in regards to self defense implied a

11

duty to retreat not required by the law.  The challenged instruction was given as follows:

> If the defendant had reasonable grounds and an honest belief that he was in
> imminent danger of unlawful force, and the only means to protect himself
> was by the use of force, then he was justified even though he was mistaken
> as to the existence of the necessity to use force.

Under Ohio law, the duty to retreat did not apply to this case because deadly force was

not involved.  Petitioner argued the instruction implied otherwise, and trial counsel was

ineffective for failing to address the allegedly erroneous instruction.  However, the Appellate

Court found the jury instruction did not imply a duty to retreat, trial counsel was not ineffective,

and evidence of Petitioner's guilt was overwhelming.  The Appellate Court further stated:

"Assuming, arguendo, the jury did view the instruction as requiring appellant to retreat, we find

the outcome of the trial clearly would not have been otherwise as the evidence of appellant's

guilt was overwhelming."

The Magistrate Judge's finding that the holding of the Appellate Court was not contrary

to, or an unreasonable application of, federal law should be upheld.  Petitioner objects to the

Magistrate Judge's findings, however, arguing counsel's failure to object to the erroneous jury

instruction prejudiced Petitioner and denied him "the effective assistance of counsel."

The Sixth Circuit has explained that in a trial of any size, numerous potentially

objectionable events occur, and because objecting to each potentially objectionable event could

actually act to the client's detriment, learned counsel will use objections in a tactical manner.

*Lundgren, supra*, at 774.  In light of that fact, a single failure to object will not usually constitute

ineffective assistance of counsel unless the client is so prejudiced "that failure to object

essentially defaults the case to the state."  *Id.*

Although Petitioner makes the conclusory statement that  "it is crystal clear upon the face

of the record" the "trial judge erroneously instructed the jury," he does not demonstrate in his

Objection how the instruction created an implied duty to retreat not required by Ohio law.  As a

result, it is not clear the instruction was an "objectionable event" to which counsel's failure to

object may be considered a basis for an ineffective assistance of counsel argument.

Even assuming the jury instruction did create an implied obligation to retreat and counsel

erred in not addressing the instruction, it is unlikely the allegedly erroneous instruction caused

Petitioner to "lose what he otherwise would probably have won."  The Appellate Court correctly

explained that even if the jury instruction implied a duty to retreat, the outcome of the trial would

not have resulted in a verdict for Petitioner, as the evidence of Petitioner's guilt was

overwhelming.  Therefore, even if the instruction were erroneous, counsel's failure to object did

not "default the case to the state" and therefore, Petitioner was not subjected to ineffective

assistance of counsel.

Because Petitioner has failed to demonstrate prejudice caused by counsel's failure to

object to the jury instruction, Petitioner has not shown the state court determination rejecting

Petitioner's ineffective assistance of counsel argument was contrary to federal law as set forth in

*Strickland*.  As a result, Petitioner is not entitled to habeas relief for ineffective assistance of

counsel, and the Magistrate Judge was correct to deny Petitioner's habeas petition.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation of the

Magistrate Judge, and DENIES the Petition of Martin D. Morris, Jr. for Writ of Habeas Corpus.

Furthermore, the Court finds that an appeal from this decision could not be taken in good

faith.  28 U.S.C. § 1915(a)(3).  Petitioner has not made a substantial showing of the denial of a

13

constitutional right; therefore, the Court declines to issue a certificate of appealability.  28 U.S.C.

§ 2253(c)(2); Fed. R. App. P. 22(b).


       **IT IS SO ORDERED.**

       **DATE: November 25, 2008**

                            **s/Christopher A. Boyko**
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**